UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH JAMAL SHERMAN,

       Plaintiff,

v.

                                       Case No. 3:23-cv-892-BJD-MCR

N.P. SPITZER, et al.,

       Defendants.
_____

## ORDER

      Plaintiff, Kenneth Jamal Sherman, an inmate of the Florida penal system, initiated this action by filing a *pro se* complaint for the violation of civil rights under 42 U.S.C. § 1983 (Doc. 1) and a motion to proceed *in forma pauperis* (IFP) (Doc. 2).[1] Finding his complaint deficient, the Court directed Plaintiff to amend his claims. *See* Order (Doc. 4). The Court advised Plaintiff that supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. *See id.* at 3.

      Plaintiff has filed an amended complaint (Doc. 6), which is before the Court for screening under the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1) (requiring a district court to dismiss a

---

[1] Plaintiff filed a second application to proceed IFP with his amended complaint (Doc. 7). The Court will rule on the motion to proceed IFP by separate Order.

complaint, or any portion thereof, if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted). In his amended complaint, Plaintiff alleges an officer at Columbia Correctional Institution (CCI), Sergeant N.P. Spitzer, used excessive force against him on February 24, 2023. *See* Doc. 6 at 3-5. He names three other Defendants, none of whom were involved in or present for the use-of-force incident: Warden Polk; the Assistant Warden of CCI; and Ricky Dixon, the Secretary of the Florida Department of Corrections. *Id.* at 2-3. According to Plaintiff, the latter three Defendants "failed to protect [him] and do a real investigation on [his] . . . grievances." *Id.* at 4.

As Plaintiff was advised, liability under § 1983 may not be based on a theory of vicarious liability. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). In other words, a claim under § 1983 must be based on something more than "the mere fact that [a supervisor] employed [an] offending official." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985). A claim against a supervisor may proceed only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir.

1990). A causal connection can be established when a supervisor knows a subordinate will act unlawfully or adopts a policy that results in deliberate indifference to an inmate's constitutional rights. *Id.*

A supervisor also cannot be held liable under § 1983 simply for having received and responded to a prisoner's grievance. *Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009))).

Upon review of Plaintiff's amended complaint, it is apparent he seeks to proceed against Warden Polk, the Assistant Warden of CCI, and Secretary Dixon on a theory of vicarious liability or in their roles as grievance responders. *See* Doc. 6 at 4-5. He does not allege facts demonstrating a causal connection between their actions or inactions and an alleged constitutional deprivation. *See Cottone*, 326 F.3d at 1360. For instance, he does not allege they knew Defendant Spitzer would act unlawfully or adopted a policy that resulted in deliberate indifference to his constitutional rights. *See Brown*, 906 F.2d at 671. Accordingly, Plaintiff's claims against these three Defendants will be

3

dismissed for his failure to state a plausible claim against them. The excessive force claim against Defendant Spitzer will proceed at this juncture.

Accordingly, it is

**ORDERED:**

1. Plaintiff's claims against Warden Polk, the Assistant Warden of CCI, and Secretary Dixon are **DISMISSED without prejudice**. The **Clerk** shall terminate Defendants Warden Polk, the Assistant Warden of CCI, and Secretary Dixon as parties to this action.

2. The Court **discharges** the Order to Show Cause (Doc. 5).

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of December 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Kenneth Jamal Sherman